IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 98-32-5-KAJ |
| | : | |
| ROBERT U. SYME, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL**

The defendant moved for an extension of time to file his notice of appeal. For the following reasons, the defendant's motion should be denied.

**I.    FACTS**

On February 28, 2005, this Court found that the defendant had violated the terms of his supervised release and then sentenced the defendant to eighteen months imprisonment. The amended judgment appeared on the docket sheet on March 7, 2005. The defendant did not file a notice of appeal but filed the instant motion on April 15, 2005, thirty-nine days after the amended judgment was docketed.[1] Without providing any detail, the defendant merely states that the delay should be excused because after his conviction, he was focusing "on the issues of restitution and medical treatment."

**II.    ARGUMENT**

Pursuant to Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, a defendant's

---

[1] Defendant stated that his motion was filed pursuant to "Federal Rules of Civil Procedure, Rule 45." In actuality, a motion for extension of time to file a notice of appeal in a criminal case is covered under Federal Rule of Appellate Procedure 4(b)(4).

notice of appeal must be filed in the district court within 10 days after the entry of judgment. However, under certain limited circumstances, the district court can expand the period for filing a notice of appeal. Pursuant to Federal Rule of Appellate Procedure 4(b)(4):

> Upon a finding of excusable neglect or good cause, the district court may - before or after the time has expired, with or without motion and notice - extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Thus, in criminal cases, after a finding of excusable neglect, the time for filing a notice of appeal (or a request for an extension of time which may be permitted to serve as a notice of appeal) may be up to forty days after the docketing of the judgment. *See United States v. Vastola*, 899 F.2d 211, 220-222 (3d Cir. 1990) (and cases cited therein) (vacated on other grounds by *Vastola v. U.S.*, 497 U.S. 1001 (1990));  *United States v. Wrice*, 954 F.2d 406, 408 (6th Cir. 1992). In this case, while the defendant filed his instant motion one day before the forty day period expired, he has not and cannot show "excusable neglect" for the delay, and, therefore, his motion should be denied.

In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395-96 (1993), the Supreme Court established a test to determine when attorney negligence constitutes excusable neglect in the bankruptcy context. In *Lawrence v. Chater*, 516 U.S. 163, 195-97 (1996), the Supreme Court ruled that same test should be used to determine when attorney or defendant negligence constitutes excusable neglect under Rule 4(b). The test calls for an equitable determination, taking into account all relevant circumstances surrounding the party's omission including (1) prejudice to the government; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the defendant; and (4) whether the defendant acted in good faith. *Pioneer*,

*id*. at 395. A review of these factors shows that the defendant's failure to file his notice of appeal in a timely manner was not the result of excusable neglect or good cause.

The defendant has presented no good reason for his delay in filing. A close reading of the defendant's motion reveals that counsel was aware of the filing deadline and told the defendant about that deadline at the time of the hearing. Further, counsel explained to the defendant "that the appeal may not be fruitful as the Court's decision was based on an issue of fact. Counsel advised Defendant to consider his appeal right and report to counsel quickly."

Three days after the hearing, counsel and the defendant again discussed the possibility of an appeal. However, rather than filing an appeal, the defendant chose to concentrate on raising money in the ungrounded belief that if he paid his restitution in full, this Court would reconsider its decision. The defendant also thought about "the need for surgery to repair a hernia." The defendant supplies no information as to whether he actually had surgery during the ten day period following his conviction (or at any time prior to his current incarceration), whether a doctor had determined that he needed surgery, and/or how this alleged medical condition hampered his ability to file a notice of appeal.

These facts show that the reasons for the delay were within the control of the defendant. Counsel warned the defendant of the filing deadline but, once again, the defendant chose to disregard the rules. Thus, the defendant's delay in filing was not the result of good faith inadvertence or mistake. Based on these facts, the defendant has not and cannot show that his failure to file a timely notice of appeal was the result of excusable neglect, and, therefore, his

motion should be denied.[2]

### III.   CONCLUSION

Wherefore, for all the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:     /s/
Beth Moskow-Schnoll
Assistant United States Attorney

Dated:   May 5, 2005

---

[2] Even assuming, *arguendo*, that the Court finds that the defendant's failure to adhere to the ten day deadline resulted from "excusable neglect or good cause," this Court may still decide, in its discretion, that the request for an extension of time should be denied.  *See United States v. Batista*, 22 F.3d 492, 494 (2d Cir. 1994) (citing *United States v. Hooper*, 9 F.3d 257 (2d Cir. 1993)); *see also* Fed.R.App.P. 4(b)(4); Fed.R.App.P. 26(b)(1).  The Government respectfully urges the Court to exercise its discretion by denying the defendant's motion, because any appeal of the Court's factual findings, which are subject to the abuse of discretion standard of review, is unlikely to be successful.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 98-32-5-KAJ |
| | : | |
| ROBERT U. SYME, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

      I, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, hereby certify that on May 6, 2005, I caused the mailing of two copies of the foregoing document:

      GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
      FOR AN EXTENSION OF TIME TO FILE AN APPEAL

TO:   James A. Natalie, Jr., Esquire
       Woloshin Lynch Natalie & Gagne, P.A.
       3200 Concord Pike, P.O. Box 7329
       Wilmington, DE 19803

                                               /s/
                                           Beth Moskow-Schnoll
                                           Assistant United States Attorney